UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RONALD L. ELLIS, | ) | CASE NO. 4:05 CV 638 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| BAZETTA POLICE DEPARTMENT, et al., | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On February 25, 2005, plaintiff pro se Ronald L. Ellis filed this action against the Bazetta Police Department, and the Mayor of the City of Cortland, Ohio. In the complaint, he alleged that he had been arrested and charged with disorderly conduct after a neighbor complained that the volume setting on his television was too high. He asserted violations of the Fourth Amendment and numerous state tort laws.

Mr. Ellis subsequently filed a document entitled "Complaint of Conspiracy against Rights (amended additional allegation)" [ECF # 4] on February 28, 2005. This document also named the Bazetta Police Department as a defendant, dropped the Mayor of the City of Cortland, and added as defendants Attorney David William Kaman, the Lake Point Homeowners Association "any and all suspects involved

in said conspiracy against rights possibilities include but are not limited to the following groups - Quite probably other law enforcement departments in Trumbull County, one or more judges in Trumbull County, one or more prosecutors in Trumbull County, quite probably FBI agents from either the Cleveland office or the Youngstown office." (Am. Compl. of Feb. 28, 2005). This complaint restated the claim contained in the original pleading and added a claim of conspiracy. Mr. Ellis filed a "Formal Motion to Amend Original Complaint" [ECF # 6] on March 14, 2005. The Motion included claims that the Bazetta police lacked probable cause to search his house and take his prescription medication. He also accuses the Federal Bureau of Investigation ("FBI") of "hacking into [his] personal computer and violating [his] civil rights." (Mot. to Am. Compl. of Mar. 14, 2005).

On March 16, 2005, the court informed Mr. Ellis that his pleadings failed to state a federal claim upon which relief could be granted. His Motion to Amend was granted and he was ordered to file a legally sufficient Amended Complaint which consolidated all of his claims against all defendants within 15 days of the date of the order. He was further advised that his failure to do so would result in the dismissal of this action.

In response, Mr. Ellis filed a "Complaint of Conspiracy Against Rights" under 18 U.S.C. § 241, 42 U.S.C. §§ 1983, 1985, 1986, 18 U.S.C. §§ 2511, 2515, 2520, and 2521, as well as numerous sections of the Ohio Revised Code against the Bazetta Police Department, the Lake Point Homeowners Association, Attorney Robert E. Kmiecik, the "Prosecutor and Judge of the Central District Court for the City of Cortland," the FBI, Trumbull County Court of Common Pleas Judge Andre Logan, Trumbull County Court of Common Pleas Judge John M. Stuard, Trumbull County Court of Common

Pleas Judge Peter Kontos, and Trumbull County Court of Common Pleas Judge W. Wyatt McKay.[1] The Amended Complaint, filed on March 23, 2005, also fails to state a claim upon which relief may be granted. For the reasons set forth below, this action is dismissed.

## I. Background

Mr. Ellis alleges that on March 25, 2003, "the Bazetta Police Department...filed an affidavit at the Municipal Court at Central District Court...charging the plaintiff with disorderly conduct for watching TV in the privacy of his own home because of numerous complaints by the next door neighbor Betty Lee (a trustee) of the Lake Pointe Home Owners Association for excessive noise of his TV... ." (Am Compl. of Mar. 23, 2005 at 11.) He claims the officers told him that they had "a legal warrant for his arrest", which Mr. Ellis claims is not true. (Am Compl. of Mar. 23, 2005 at 11.) He states that the officers conducted a search of his home and removed several bottles of prescription medications. Mr. Ellis contends that he spent six days in jail. He does not state the eventual disposition of the charges.

In addition, Mr. Ellis claims that the FBI "was illegally hacking into [his] personal computer and violating [his] civil rights." (Am Compl. of Mar. 23, 2005 at 5.) He states that he has a software program that traces any attempt to gain remote access to information on his computer. He contends that he "challenges the probable cause reasons stated by the [agents] who were involved in obtaining this interception warrant and maintains individuals involved in obtaining this interception warrant did so for their

---

[1] Mr. Ellis also cites 42 U.S.C. §§1988 (permitting the application of common law under certain circumstances), 1989 (permitting magistrate judges to appoint process servers), 1990 (concerning service of process by the U.S. Marshal), 1991 (allowing for process servers to collect a fee), 1992 (concerning speedy trials) and 1995 (providing for criminal contempt of court charges) as sources of authority for his claims. These statutes do not provide a substantive basis for a claim that could be raised by Mr. Ellis.

3

own personal reasons and not the reasons stated on the application for the interception warrant." (Am Compl. of Mar. 23, 2005 at 7.) He claims that because the warrant was obtained under false pretenses, the agents obtaining the warrant should be subject to criminal prosecution. He further claims that the judge that issued the warrant "did not have all of the valid conditions necessary to legally issue [an] interception warrant." (Am Compl. of Mar. 23, 2005 at 7.) Mr. Ellis maintains that any evidence law enforcement officials may have gathered against him would be inadmissible in court. He seeks compensatory, and punitive damages as well as criminal prosecution of the defendants.

## II. Analysis

As an initial matter, the court notes that although Mr. Ellis names the Trumbull County Prosecutors, the Mayor of Cortland and Attorney David Kaman as defendants in previous pleadings filed in this action, he has omitted them from his most recent amended complaint. The court therefore presumes that Mr. Ellis no longer wishes to pursue claims against these individuals. They are dismissed from this action.

*Federal Wiretap Act*

The court now turns its attention to the claims presented in the Amended Complaint of March 23, 2005. Mr. Ellis first asserts that the FBI obtained a search warrant to intercept his e-mail in violation of the Wiretap Act, 18 U.S.C. §2511, entitling him to damages under 18 U.S.C. § 2520. The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the court's subject matter jurisdiction. McGinness v. U.S., 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. U.S. v. King, 395 U.S. 1, 4 (1969); Soriano v. U.S., 352 U.S. 270, 276 (1957). Section 2520 of the Wiretap

4

Act expressly precludes relief against the United States. 18 U.S.C. § 2520(a). The exclusive remedy against the United States for violations of the Wiretap Act is contained in 18 U.S.C. §7212, provided that the claim is presented first to the appropriate department or agency under the procedures of the Federal Tort Claims Act, as set forth in title 28, United States Code. 18 U.S.C. §7212(b)(1). There is no suggestion that Mr. Ellis has complied with this jurisdictional prerequisite. His claim against the FBI is dismissed without prejudice.

*42 U.S.C. § 1983/ Bivens*

In addition, Mr. Ellis claims that law enforcement officials lacked probable cause to arrest him, search his home, and intercept his e-mail. None of the named individuals and agencies is, however, a proper party defendant for these claims.

As an initial matter, while Mr. Ellis brings claims against the FBI under 42 U.S.C. § 1983, that section is applicable only to state actors. Allegations of actions under color of federal law are properly asserted in a Bivens[2] action. Bivens claims may be brought only against individual defendants. They may not be brought against a federal agency. See Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 484-86 (1994); Okoro v. Scibana, No. 02-1439, 2003 WL 1795860 at * 1 (6th Cir. April 1, 2003)(stating that a federal prisoner can not bring a Bivens action against the Bureau of Prisons). As the FBI is a federal agency, it is not a proper party to a Bivens claim.

Furthermore, claims against private citizens are generally not cognizable under §1983. A private party may be found to have acted under color of state law to establish the first element of this cause

---

[2] Bivens v. Six Unknown Agents, 403 U.S. 383 (1971).

of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. <u>Jackson v. Metropolitan Edison Co.</u>, 419 U.S. 345, 352 (1974). There are no allegations in the amended complaint which reasonably suggest that Attorney Robert E. Kmiecik, or the Lake Pointe Homeowners Association could be considered to be a "state actor" for purposes of a § 1983 claim.

Mr. Ellis also names the Bazetta Police Department as a defendant. Police Departments are not <u>sui juris</u> and therefore cannot sue or be sued. <u>Jones v. Ptl. D. Marcum</u>, No. C-3-00-335, 2002 WL 786572 (S.D. Ohio Mar. 11, 2002); <u>Williams v. Dayton Police Dept.</u>, 680 F. Supp. 1075 (S.D. Ohio 1987). <u>See also</u> <u>Messer v. Rohrer</u>, No. C-3-95-270, 1997 WL 1764771, n. 9 (S.D. Ohio Mar. 31, 1997). They are merely sub-units of the municipalities they serve. <u>Id.</u>

A claim against the municipality of Bazetta would also fail. As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a <u>respondeat superior</u> theory of liability. See <u>Monell v. Department of Soc. Servs.</u>, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." <u>Id</u>. at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." <u>Id.</u> at 690; <u>DePiero v. City of Macedonia</u>, 180 F.3d 770, 786 (6th Cir. 1999). The complaint contains no suggestion of a custom or policy of the municipality

6

of Bazetta which may have resulted in the deprivation of a federally protected right of the plaintiff.

The remaining defendants are immune from suits for damages. It is well established that judges are immune from liability for actions taken within the scope of their official duties. Pierson v. Ray, 387 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. Stump v. Sparkman, 435 U.S. 349 (1978). Common Pleas Court Judges Andrew Logan, John M. Stuard, Peter J. Kontos, and W. Wyatt McKay, and the "Judge [of the] Central District Court City of Cortland" are absolutely immune from suits for damages.

Prosecutors are also entitled to absolute immunity for claims arising from their conduct in initiating a prosecution and in presenting the state's case. Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Pusey v. Youngstown, 11 F.3d 652, 658 (6th Cir. 1993). The complaint contains no facts which indicate that the "prosecutor...[of the] Central District Court City of Cortland" participated in any other kind of activity.

*42 U.S.C. §§ 1985, 1986*

Mr. Ellis's claims under 42 U.S.C. § 1985 must also be dismissed. To establish a violation of § 1985, plaintiff must allege that the defendants conspired together for the purpose of depriving him of the equal protection of the laws and committed an act in furtherance of the conspiracy which was motivated by racial or other class-based invidiously discriminatory animus. Bass v. Robinson, 167 F.3d 1041, 1050 (6th Cir. 1999). Aside from the conclusory allegations that the defendants were involved in an "illegal conspiracy against rights," there are no facts which reasonably suggest that the defendants committed an act in furtherance of a conspiracy or that their actions were in any way motivated by Mr. Ellis's's race. Legal conclusions alone are not sufficient to present a valid claim, and this court is not

required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see also, Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed).

Because Mr. Ellis failed to state a claim under § 1985, his claims for relief under §1986 must also be dismissed. Section 1986 imposes liability on those individuals who have knowledge of any of the wrongs prohibited by § 1985, yet fail to prevent them. Without a violation of § 1985, there can be no violation of § 1986.

*18 U.S.C. § 241*

Mr. Ellis then states that the "defendants are allegedly guilty of violating the following Federal and State of Ohio Statutes: United States Code title 18 - Crimes and Criminal Procedure, Part I - Crimes, Chapter 13 - Civil Rights, U.S. Code as of 01/06/03 Section 241 Conspiracy Against Rights..." He gives no other information regarding this claim. Title 18 U.S.C. § 241 is a criminal statute which provides no private right of action. U.S. v. Oguaju, No. 02-2485, 2003 WL 21580657 at *2 (6th Cir. July 9, 2003); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 511 (2d Cir.1994). To the extent that Mr. Ellis may be attempting to bring criminal charges against the defendants, his claim is also without merit. Criminal actions in the federal courts are initiated by the United States Attorney. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c). This court is simply unable to grant that type of relief.

*State Law Claims*

Finally, Mr. Ellis's state law claims are dismissed without prejudice. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. United Mine Workers of

America v. Gibbs, 383 U.S. 715, 724 (1966). The court, however, may exercise discretion in hearing state law matters. Id. at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. Id. Having dismissed plaintiff's federal law claims, this court declines jurisdiction to hear his claims arising under state law.

## Conclusion

Accordingly, any claim which Mr. Ellis may be asserting against the FBI under 18 U.S.C. §7212, all claims against the Trumbull County Prosecutors, the Mayor of Cortland and Attorney David Kaman, and his state law claims are dismissed without prejudice. All other claims are dismissed with prejudice. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

Dated: April 26, 2005

                 s/ James S. Gwin
                 JAMES S. GWIN
                 UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.